**Electronically Filed
Intermediate Court of Appeals
30609
24-AUG-2011
08:54 AM**

NO. 30609

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DONG MEI LI, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1P109-13507)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Foley and Reifurth, JJ.)

Defendant-Appellant Dong Mei Li (Li) appeals from the Judgment entered on May 28, 2010, in the District Court of the First Circuit (District Court).[1] Li was charged by complaint with harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1)(b) and/or (1)(f) (Supp. 2010).[2] After a bench

---

[1] The Honorable Faye M. Koyanagi presided.

[2] HRS § 711-1106(1)(b) and (1)(f) provide as follows:

    (1) A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person:

    . . . .

    (b)   Insults, taunts, or challenges another person in a manner likely to provoke an immediate violent response or that would cause the other person to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another; [or]

                                                    (continued...)

trial, the District Court found Li guilty as charged of both the HRS § 711-1106(1)(b) and (1)(f) means of committing harassment. The District Court sentenced Li to six months of probation, subject to the condition that she obtain an anger management and/or a mental health assessment, and to a $200 fine and a $30 assessment.

On appeal, Li argues that (1) there was insufficient evidence to support her conviction; and (2) the District Court committed plain error in failing to *sua sponte* dismiss the charge against Li as a de minimis infraction pursuant to HRS § 702-236 (1993).[3] We affirm.

I.

We resolve Li's arguments on appeal as follows:

1.   The evidence showed, among other things, that Li approached the complaining witness (CW); that Li repeatedly

---

[2](...continued)

. . . .

(f)   Makes a communication using offensively coarse language that would cause the recipient to reasonably believe that the actor intends to cause bodily injury to the recipient or another or damage to the property of the recipient or another.

[3] HRS § 702-236 provides:

(1)   The court may dismiss a prosecution if, having regard to the nature of the conduct alleged and the nature of the attendant circumstances, it finds that the defendant's conduct:

(a)   Was within a customary license or tolerance, which was not expressly refused by the person whose interest was infringed and which is not inconsistent with the purpose of the law defining the offense; or

(b)   Did not actually cause or threaten the harm or evil sought to be prevented by the law defining the offense or did so only to an extent too trivial to warrant the condemnation of conviction; or

(c)   Presents such other extenuations that it cannot reasonably be regarded as envisaged by the legislature in forbidding the offense.

(2)   The court shall not dismiss a prosecution under subsection (1)(c) of this section without filing a written statement of its reasons.

screamed obscenities at the CW while he was in a vulnerable position; and that Li's actions caused the CW to become scared. We conclude that when viewed in the light most favorable to the prosecution, there was substantial evidence to support Li's conviction. See State v. Tamura, 63 Haw. 636, 637, 633 P.2d 1115, 1117 (1981).

2. Li did not move in the District Court to dismiss the charge as a de minimis infraction under HRS § 702-236. The decision to dismiss a charge pursuant to HRS § 702-236 rests in the sound discretion of the trial court. State v. Ornellas, 79 Hawai'i 418, 423, 903 P.2d 723, 728 (App. 1995). As a general rule, an argument not raised in the trial court will be deemed to have been waived on appeal. State v. Moses, 102 Hawai'i 449, 456, 77 P.3d 940, 947 (2003). We decline to consider Li's argument that her harassment charge should have been dismissed as a de minimus infraction, which she raises for the first time on appeal.

II.

For the foregoing reasons, we affirm the May 28, 2010, Judgment of the District Court.

DATED: Honolulu, Hawai'i, August 24, 2011.

On the briefs:

Jon N. Ikenaga
Deputy Public Defender
for Defendant-Appellant

Anne K. Clarkin
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura

Chief Judge

Daniel R. Foley

Associate Judge

Lawrence M Reifurth

Associate Judge